19-2109 Walter Bass III v. Sherry Burt Arguments not to exceed 15 minutes per side Ms. Teotsis, you may proceed for the appellant Thank you Good morning I would like to reserve 3 minutes for rebuttal, if that's okay May it please the court, Anna Teotsis on behalf of petitioner appellant Walter Bass III This case asks whether Mr. Bass is entitled to habeas relief After a trial in which his rights under the due process clause were violated by the admission of highly prejudicial but ultimately irrelevant evidence regarding the rape and attempted murder of a different woman that occurred nearly two decades earlier The reason, the answer should be yes for three reasons First, the state court unreasonably applied clearly established Supreme Court precedent in Estelle and in Lisbena and Brecht when it found that the admission of the rape evidence did not render Mr. Bass's trial fundamentally unfair Second, the state court unreasonably applied those same precedents when it concluded that the admission of the attempted murder evidence did not render Mr. Bass's trial fundamentally unfair And third, the state court unreasonably applied the Supreme Court precedent in Jackson versus Virginia when it rejected Mr. Bass's sufficiency claim Starting first with the due process claim based on the rape and attempted murder evidence The Supreme Court has repeatedly made clear that the due process clause is violated when evidence is introduced that is so unduly prejudicial that it renders a trial fundamentally unfair The Michigan Court of Appeals unreasonably applied this mandate when it found the two pieces of evidence the rape evidence and the attempted murder evidence did not render Mr. Bass's trial fundamentally unfair Starting first with the rape evidence The Michigan Court of Appeals unreasonably applied the Supreme Court's harmlessness standard in Brecht when it concluded that the rape evidence did not result in a miscarriage of justice or have a substantial and injurious effect on the verdict Whereas here, the Michigan Court of Appeals concluded that the rape evidence was erroneously admitted The question for this court is whether it was objectively unreasonable for the state court to have concluded that that testimony was harmless And this is the test that this circuit has laid out in the EG case When looking at the harmlessness, the court looks at two different things It evaluates the type of evidence, whether the rape evidence was the type of evidence whether it was so inflammatory as to have a substantial and injurious effect on the verdict And then it looks at that evidence in the context of the rest of the evidence admitted against Mr. Bass at trial Applying that analysis here First, we have to evaluate whether the rape evidence was integral to the state's case at trial And the record below shows that it was The rape evidence was mentioned at every single stage of Mr. Bass's trial It was presented in great detail on a PowerPoint presentation in opening emphasized by the prosecutor in opening argument And then testified to at great detail by two witnesses including the prior victim during the case in chief If I might interrupt, counsel You keep using words like it, you know, it just permeated the whole trial Opposing counsel mentions that it's just a word or two here and there, here and there on frequent occasions, but it wouldn't cover two pages of transcript And it looks pretty much like that's what it was What's your response to that? Sure, Judge Norris, I think our response to that is this The rape evidence in conjunction with the rest of the prior act's evidence that came from the prior witness was a significant part of the state's case at trial Though maybe it only took up three or three and a half pages of the transcript below That's a significant portion of the state's opening and closing arguments for something that the Michigan Court of Appeals ultimately found to be irrelevant I think by way of comparison, two Sixth Circuit cases are instructive on this point The EG case and the Gum case In the Gum case, there was a mention of this inflammatory bestiality evidence that only came up in the trial transcript one time But yet the district court and this court affirmed a grant of habeas on that evidence because it was a similar prior bad act testimony And that evidence only came in once Whereas this evidence, even if it did take up three and a half pages of the closing argument or the opening argument, came in multiple times It was emphasized through demonstratives during the opening argument and it was testified at length by the prior victim So I think in terms of degree and in kind, that's how I would respond to that Yes, Judge Kethledge Yes, Ms. Siotis, I think we have to evaluate the Brecht issue with respect to the rape evidence in the context of all the evidence in the case And I think that does lead us to the attempted murder evidence which you've briefed very ably in your brief here But I'm wondering why couldn't a reasonable jurist think that there was significant relevance to that evidence? You have two women from the same street It's the street that Mr. Bass lived on Is it Bass or Bass? Bass Thank you They're from the same street They're both romantically interested or involved with him At some point, each of them is attacked from behind One of them with a gun, one with a knife They're both kind of wrapped up or tied down And something like gasoline seems to have been poured on both That's a pretty significant string of parallel circumstances And I'm just wondering why is it that no reasonable jurist could think that there is at least some relevance as opposed to none whatever to that evidence in this case? Judge Kethledge, I think you're touching on the sufficiency of the evidence argument a little bit No, I'm going at if this was relevant, if this was probative as to whether Mr. Bass did kill the victim here then that's evidence in the state's favor And that might tend to offset some unfair prejudice from the rape evidence That's what I'm driving at And it just seems to me that a reasonable jurist might well be able to say Hey, there's a lot of similarities here Not everything, but a lot And so there is some relevance And some of the prejudice is fair, if that's true So, Judge Kethledge, I have a few responses to that We contest that that evidence was relevant We think on the relevant points, means, method, and modus op, and MO That the two acts were extremely different And I think that the Bay case is instructive on this point Where in evaluating a similar question There was a prior murder-robbery And the instant case on appeal was a prior murder-robbery In which there was a distinctive link Both victims were found with their pants removed And their shoes either near the scene or missing That's a direct, very probative link Between that prior act and the instant case and the Bay case Don't we need a Supreme Court case, though? I mean, that's a precedent from this court And don't we need... And this really ties into, perhaps, with my most fundamental concern About your position here Which is, you have the most general standard, really, in the law Fundamental fairness I mean, that's just... And it's not your fault But that doesn't provide much guidance to the state court And so the Supreme Court says You generally need a case that's more like the particular facts That the state court faced To make clear to the state court Hey, you're going to violate this defendant's constitutional rights If you rule this way And so I just... You know, Bay is a Sixth Circuit case I'm not seeing any case within shouting distance A Supreme Court case of this one So, in response to that question I think Estelle and Lizbena are instructive on this point Those cases were habeas cases That related to prejudicial evidence being admitted And yes, the Supreme Court found that that evidence was not violative Of the petitioner in that case's fundamental fairness But they provided contours by which this court and state courts Can determine whether those rights were in fact violated Are we supposed to rely on holdings? Yes, Judge Sutton, we're supposed to rely on holdings But I think one of the holdings of that case Is that there are classes of evidence That can be so violative of a petitioner's due process rights To render a trial fundamentally unfair And applying that... I thought the definition of holding required any reasoning To be necessary to the outcome How is it necessary when the defendant loses? I think it provides a framework A necessary framework by which courts can take that step And apply that rule to the facts of the case I think the Williams case allows such rules to be crafted At this high level of generality And then to allow the factual situations To be fit into those different factual situations Obviously our court in particular Has been scolded a number of times For getting too adventurous And saying that state court decisions are unreasonable One way to think about what we're talking about Is in the traditional IRAC framework Issue, rule, analysis, conclusion What I'm reading the Supreme Court cases to say Is it's not enough that you have the R That there's some R out there That says you can't introduce evidence That's fundamentally unfair You need a case with an A With an analysis to particular facts That is actually pretty similar to our case What's your best case Where the analysis to the particular facts Is the most similar to the analysis That the Michigan courts had to do on these facts? And the defendant wins And the defendant wins Well, to take those questions in two parts Our best cases from the Supreme Court Are Estelle and Lisbetta And the defendant does not win To Judge Sutton's question But I don't think that that ultimately ends the case Because those provide general rules By which lower courts and state courts Can apply that analysis And some petitioners, including two in this circuit Do win, in the Egy case and the Gum case And then in the McKinney case in the Ninth Circuit So they have this baseline principle And then lower courts can apply the rules to the facts There were cases where the petitioner did win those cases In similar cases where prejudicial evidence was admitted That was so inflammatory that it violated the petitioner's Fundamental rights to a fair trial And I think that is the kind of case that we're dealing with here Which Williams allows this court to do To frame those rules at high levels of generality And then apply the facts to the instant case I see my time is up If there are any remaining questions I'm happy to answer them If not, I will address you on rebuttal All right, thank you very much, Mr. Schultz Thank you Good morning, your honors May it please the court Jared Schultz, Michigan Assistant Attorney General On behalf of the respondent This court should affirm the district court's decision Denying habeas really for three reasons First, there is no clearly established federal law No Supreme Court case Of which the Michigan Court of Appeals decision Can be deemed contrary to Or an unreasonable application of Second, even if Ed Paul allowed for relief On a generalized standard A very general due process standard Mr. Bass, given the circumstances of this case Of the trial The limited other acts evidence here Was not so prejudicial Was not so fundamental That rendered his trial fundamentally unfair And third and finally Regarding the sufficiency claim There was a significant amount of evidence In this case Yes, it was circumstantial But circumstantial evidence It can be just as strong as direct evidence And it was certainly Counsel, she started with the rape evidence And are we engaged in a clearly established inquiry When we do the Brecht approach How does that work in your view Well, your honor I don't think that Brecht applies I don't think that you do And I pointed this out in my brief I believe it was in a footnote I'm not necessarily sure that Harmlessness inquiry is appropriate When you're talking about An evidentiary trial error And in an evidentiary trial You're talking about Whether it's a fundamentally fair trial Or whether it was so prejudicial That the entire trial was unfair I don't think that it lines up With having to do a harmless Decision after that Because again Although the Michigan Court of Appeals Found that it was It was error to admit The sexual assault evidence That's an evidentiary ruling They didn't necessarily say Oh, this is a due process violation In fact, they didn't say It was a due process violation Your point is ignore Brecht And just go back to whether It was fundamentally unfair Under federal clearly established U.S. Supreme Court precedent Well, no, your honor I still believe you have to have A specific type of evidence And in fact, this court Has said multiple times that In order to find a habeas relief Based on an evidentiary trial error You have to have a Supreme Court case That addresses the specific type Of evidence that's at issue here And I would point out And opposing counsel actually Cited this in a reply brief A recent decision by this court Stewart v. Winn 967 F. 3rd 534 I was just decided this summer And it's pretty much on point In this case That you have to have a specific A Supreme Court case that Holds this specific type of evidence Is a due process violation And they can't Mr. Bass can't point to any Supreme Court case That holds that prior acts Prejudicial prior acts are so That amounts to a due process violation I will point out opposing counsel Cites Estelle and Lisbena But first of all, as you mentioned Judge Sutton They did not rule in favor of the petitioner In those cases And you have to have a holding Of the Supreme Court Of which to be deemed contrary to But also I'll point out that those Those cases were pre-AEDPA cases So they didn't necessarily have to deal with Whether there was clearly established Law at the time the case was decided Now we are post-AEDPA Mr. Bass's trial was post-AEDPA The statute is clear that you have to have Clearly established federal law Judge Schultz, can I just ask you a question Which I'm not sure is That pertinent to the case But it's just a curiosity And probably reveals some ignorance on my part So you have a state criminal case You have some evidentiary objections So we have a 404B fight under state law In order to preserve A federal claim for federal habeas Is there any obligation In the course of that debate With the state trial court judge Where you say Your honor Admission of this evidence Not only would violate the state 404B rule But it would create a fundamentally unfair trial Under the federal due process clause Is that I assume most criminal defense lawyers Don't say that At the end of their 404B arguments, right? Correct, your honor What gets around The idea that normally You're supposed to present the federal question In the first instance I must be missing something Because I see these cases all the time Just tell me what I'm missing Well, I think Kind of the problem with this case Not necessarily a problem But when They do that analysis in the trial court And they don't raise A due process argument Generally, if The appellate court Then considers that claim They'll say Well, it's unpreserved And we review it for a plain error At which point On habeas It would be a procedural default Now, that didn't occur in this case Because the state appellate court Didn't expressly do An analysis of the constitutional claim So we presume that It was a merits decision In that instance So I think I'm not sure if I'm Answering your question Well, I guess You're deepening the mystery for me Because you're telling me You're telling me on review No one raised the federal claim And why wouldn't the state Respond to the habeas petition By saying Don't know what to say But they didn't raise this In state habeas Or state direct review Well, I'm not sure I don't I was not the Attorney below Okay, well It's I just I can't figure this out And so don't worry Keep going back to your argument Okay I apologize If I'm not answering Your question correctly But I would also point out This court has mentioned Brecht a couple times And while I don't believe That a harmlessness Inquiry is appropriate here I will point out That the state's position Has been for a long time That not only do you Have to apply Brecht But you also have to apply Ed Pachatman And I don't want to go Too deep into this Because this court has Dealt with that several times But we are planning On filing a petition for cert In the Davenport case Which was Just recently issued On that decision So I just wanted to point that out Just on the same point You were talking to Judge Sutton about Can you remind me I don't remember offhand Can the state Waive a procedural default Is that something If you don't flag it For us in the briefing Is that just waived And then we just go To the merits Of the constitutional analysis Well, you know I don't know If I can answer that Your honor But the state's not Asserting a procedural default here And I think The reason why It wasn't brought up Is because The state appellate court Never defaulted this Whether it was raised or not In the lower court I'm not sure that matters I mean, he's got a direct appeal Right? Right And it seems like the direct appeal Is analyzing a 404B issue Rather than a due process issue Do they address a due process issue? No, your honor They don't explicitly address A due process issue And that's kind of Again, I think I pointed this out In my brief That's very consistent with The petitioner's brief On direct appeal Where he didn't really address Argue a due process claim However, he did say This is a violation of due process It's a It was an unfair trial So I think that's where The kind of Inconsistencies are As well He didn't necessarily Argue the claim He did Technically May have raised the claim By mentioning it In his argument header Well, I mean The brief in this case And I mean It was your brief On page 14 Says Bass filed a claim of appeal In the Michigan Court of Appeals Which raised two claims Admitting other act evidence At trial Denied him due process of law Right So, I mean What's Is that what he argued In the court For its own reasons Just talked about 404B Is that what I'm just trying to understand The record here So we don't mess it up Absolutely Well, your honor That's exactly what Mr. Bass raised However, his entire His entire argument Didn't discuss the Due process violation at all It just discussed The 404B evidentiary claim Okay So I think that's why The court didn't address The due process argument Is because His entire analysis Was an evidentiary analysis So the court kind of Followed suit And did that So just This is not being critical So don't misread me But I think This goes back to The way Judge Kethledge started Whether there's A procedural default or not It is waivable Or forfeitable And so it's kind of a So be it You know, you still think You can win underground On other grounds But that's the way We should think about it Right? We shouldn't worry about When the due process Clause claim was raised If you're not saying There was a default Or some other form of forfeiture You just want us To go to the merits Of the federal claim At this point, right? Well, your honor I guess I Wasn't expecting this Court to talk about Procedural default You're correct I've been The briefs focused On the merits I've been focusing On the merits I don't know Yes, we did not Raise a procedural default I don't know If I can concede That that's waived At this point Well, I don't I think Judge Kethledge Was asking In the abstract And I'm asking In the abstract We're not We're not trying to Do anything Among those lines I'm like he is I'm trying to figure out How this works It's very strange to me I understand Why you would bring A due process claim This was very serious 404B evidence Like I Yeah I'm not critical Of the claim I'm not critical Of the claim at all But I'm just trying To figure out Normally we think Of giving the states A first shot At this stuff And I think Every state court judge That saw this case Would be mystified To hear that It was anything Other than a state 404B case I think that's What happened And that's funny Yeah Your Honor And I would agree with that I guess Maybe perhaps If I Dealt with A different AAG Dealt with this In the lower court Maybe that would have been Raised That this That the due process claim Was never really raised I think that Maybe Maybe you're right We're past that point At this point Because we didn't What do you say about the I don't know how to pronounce it EGE E-G-E Case Where This is a pretty Helpful case to them It's a Judge Martin case And You know It doesn't look like a case Where there's A clear U.S. Supreme Court decision Where the defendant Wins And And counsel On the other side Is saying If you can do it in EGE You can do it here Why isn't that A pretty good argument Well Your Honor And I would actually Point you directly To the Stewart case That I cited earlier That's a Post-EGE case That says You still have to have A specific kind of evidence And It directly confronted EGE And said Well EGE Came before The Supreme Court Started to warn us Not to Frame Its principles At such a high level Of generality So To that extent I think EGE is Is Distinguishable Not only in the Stewart case But also in this case And I guess In Overall I think Because of that EGE was Maybe not necessarily Wrongly decided But if it was decided Today It would not come out The same way That sounds like Wrongly decided to me Correct Your Honor I guess all I was just Pointing out was that The way that Stewart confronted it Was that the Supreme Court Has come up with Opinions since then That have told us You can't frame Our principles At such a high level Of generality And on that point I would kind of point out There's been some discussion About Williams In this case The Supreme Court case And I would note that The talk in Williams About you can Find A violation based on A general principle That was It's kind of confusing But that was actually In The dissenting Opinion of Judge Stevens While his was a lead Opinion Only Three justices Joined The second section Which is where This generalized language Comes from It was actually Judge O'Connor's Opinion that was The majority opinion On that section So that's not Binding at all That language In this case Again what is Binding is Stewart has said You have to have A specific case In order For there to be Clearly established law That Our case Can be deemed Contrary to And I would just Also say that Again even if You could Have Based on a generalized Principle He hasn't shown Based on The overwhelming Circumstantial evidence Here and Just the limited Amount of times That the sexual assault And even Attempted murder  And I think The evidence Was even referenced You know this is A seven day trial That it didn't Make it fundamentally Unfair There was also Reasonable Time is up So yes I apologize Your honor I would just ask This court Affirm at this time All right Thank you very much Thank you Miss Yeltsin Your honor Just a few Points in response Unless this court Has specific Questions About Mr. Bass's Arguments So first on the Brecht issue I think the law In the circuit Is clear that Brecht applies In these Circumstances And the easy Case is instructive On this point Both in terms Of procedural Posture and How that case Came out in The circuit In that case The state Court found That the Statistical Bite mark Evidence was Incorrectly So in The case Of state Law the Federal court Jumped straight To the Harmlessness Analysis under Brecht and The 6th Circuit did The same That is Almost exactly The exact Procedural Posture as We're dealing With in this Case which Is why In terms Of the Rape Evidence This court Should go To the State Law evidentiary Ruling as Opposed to The idea That the State Law evidentiary Ruling is So bad That it Violates due Process so You collapse Everything into Prejudice I think Judge Sutton that's Because the State Court Concluded Particularly In this Case that There was No probative Value to The Rape Evidence And I Think that's Why the Inquiries In terms Of the Rape Evidence Are slightly Different With the Rape Evidence We're Deferring To the State Court Analysis That Evidence Was Completely Irrelevant To the Case So  Mention that Just Just on That point That was A state Court Ruling Why Are we Allowed to Say I Don't care About the Prejudice I Don't Understand How the Ruling Violated due Process In the E.G. Case Again the Court Ruling Was Adversely Addressed By the State Court Below Again in Davis Versus Ayala The Supreme Court Case The Case Was On A Similar Posture As Well Where The 9th Circuit Addressed The Merits Of The Federal Claim Where The Court  The Exact Constitutional Due Process Issue In That Case The Precedent Is Clear That We Assume That The Due Process Issue Was Decided And That Is Reviewable By The Court Because It Was Raised By The Petitioner Below Moving On To Distinguish Stewart  E.G. I Think There Is A Couple Points Of Comparison Stewart Does Say Emphasize The Specific Evidence But It Uses This Course Precedent In Moreland To Make That Claim But Moreland Was A 2012 Case And We Have Cases Before And After Moreland In Which This Court Affirmed A Grant Of Habeas Relief Based On Prejudicial Evidence Without A Specific Case Directly On Point. I See My Time Is Up. I Would Ask You To Find For Mr. Bass And Grant Him Habeas Relief In This Case. Thanks To Both Of You For Your Helpful Briefs Terrific Arguments. I See That Your CJA Counsel Thank You So Much. You Really Wrote A Terrific Brief And Your Client Is Very Lucky To Have Your Assistance In This Case. We Are Grateful For That. Thanks To Both Of You. We Really Appreciate It. The Case Will Be Submitted And The Clerk May Adjourn Court. Thank You Very Much. Thank You. This Honorable Court Is Now Adjourned.